### HOWARD v. DOWD, Warden.
### No. 17.

District Court, N. D. Indiana, Hammond Division.

Dec. 29, 1938.

Oscar B. Thiel and Abe Hyman, both of Gary, Ind., for petitioner.

Omer Stokes Jackson, Atty. Gen., James K. Northam, Asst. Atty. Gen., for respondent.

SLICK, District Judge.

Petitioner was arrested May 23, 1934 at Bedford, Indiana, lodged in jail and brought into the Daviess Circuit Court May 25, 1934, where he was charged by affidavit and information with the crime of kidnapping. He was eighteen years old. After entering a plea of not guilty the judge of the Daviess Circuit Court inquired whether he had an attorney and was informed that he did not have an attorney, and further that he had no money or means with which to employ one. Upon petitioner's inquiry whether he could have an attorney appointed by the court, he was informed that this matter would be referred to the Prosecuting Attorney, and was thereupon remanded to the Daviess county jail where he was held until the 15th day of June, 1934, when he was again arraigned and entered a plea of guilty.

The court at this time was in vacation. From the time of his first arraignment and plea of not guilty up to the time he was arraigned the second time and entered a plea of guilty he saw no attorney except the Prosecuting Attorney who read the affidavit and information together with the criminal

statute defining the offense of kidnapping to him. Upon his second arraignment and plea of guilty he was sentenced to life imprisonment.

He has now served four years and six months and has been a model prisoner. During his confinement he did not consult an attorney until in July, 1937, when he employed Honorable Oscar B. Thiel, who filed a petition for a writ of habeas corpus in the LaPorte Circuit Court, which petition has since been dismissed. Mr. Thiel also filed a petition for a writ of error coram nobis in the Daviess Circuit Court, which, after a hearing, was taken under advisement by the judge of that court and was denied on the last day of the term of said court. Petitioner's attorney received notice of the ruling of the Daviess Circuit Court by mail after the adjournment of that court and when it was too late to have the time extended for filing a bill of exceptions necessary to the taking of an appeal.

 It is suggested that petitioner can still file a petition for a writ of habeas corpus in the state court, and that a federal court should be very hesitant to entertain such a petition until petitioner has exhausted his remedies in the courts of the state. This is conceded. Federal courts for very cogent and well recognized reasons should, and I think almost universally do, refuse to entertain applications for writs of habeas corpus growing out of prosecutions in state courts until petitioner has been denied relief in the highest court of the state. This practice I think is commendable. The Federal District Court is not and should not be used as a court of appeals to remedy errors or irregularities occurring in state tribunals. The Federal District Courts and Circuit Courts of the state are courts of coordinate jurisdiction and the practice of applying to the federal courts for the writ of habeas corpus until every available remedy in the state court has been exhausted should not be encouraged—in fact, should be positively discouraged. Comity requires this in the preservation of orderly procedure.

Here, however, is a very exceptional case. A boy of eighteen years of age is charged with a crime carrying a penalty of life imprisonment, mandatory in the event of conviction. He has no money to employ counsel. He requests the court to appoint an attorney to advise him concerning his rights. For some unexplained reason his reasonable request to be allowed the benefit of counsel is ignored. Both the judge and the prosecuting attorney have since died. It may be said that the sentence of life imprisonment being mandatory, the advice of an attorney would have availed nothing, but this is not a sufficient answer.

Petitioner under the Sixth Amendment to the Federal Constitution, U.S.C.A., was entitled "to have the Assistance of Counsel for his defence". Who can say that if he had had such "Assistance of Counsel" he would not have entered a plea of not guilty, whereupon under this same provision of the Constitution he would have been entitled to a "speedy and public trial, by an impartial jury"; to have been "informed of the nature and cause of the accusation", and have been "confronted with the witnesses against him" and to have had "compulsory process for obtaining Witnesses in his favor". These were his fundamental constitutional rights and cannot, indeed must not, be lightly ignored. To do so deprives the court of jurisdiction and ipso facto renders the judgment of the court void. This being true, unless petitioner can be said to have waived his constitutional right, the application must be upheld.

 So far from waiving his privilege guaranteed by the Sixth Amendment it clearly appears that he actively asserted a request for counsel, which was denied or at least ignored. A waiver must be exercised with full knowledge of the right waived and a definite act or declaration evincing a clear intent to waive. Here was a boy of tender years standing before the bar of justice. The judge, prosecuting attorney, clerk and sheriff all apparently arraigned against him. An affidavit and information are read and he requests counsel, informing the court that he is without funds. What more could he have done to assert his constitutional privilege? When he is referred to the prosecuting attorney, the criminal statute is read to him. He may well have concluded that there was nothing left for him to do but enter his plea of guilty and hope for leniency, whereas a competent and painstaking attorney may have guided him to a different result. He was entitled to this right. In fact the Constitution guarantees it to him and failure to observe this very humane provision of our Constitution rendered the entire proceeding void.

Under the decision of Johnson v. Zerbst, Warden, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461, the writ should be and is granted.